UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NANCY RADEMACHER,

    Plaintiff,

v.           Case No. 1:09-CV-124

MACY'S EAST,           HON. GORDON J. QUIST

    Defendant.
_____/

NANCY RADEMACHER,

    Plaintiff,

v.           Case No. 1:09-CV-896

M.A.C. COSMETICS, INC.,           HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT M.A.C. COSMETICS' INC'S MOTION FOR SUMMARY JUDGMENT

In these consolidated cases, Plaintiff, Nancy Rademacher ("Rademacher"), has sued Defendants, Macy's East ("Macy's") and M.A.C. Cosmetics, Inc. ("MAC"), alleging claims of negligence against both Defendants based on injuries that she sustained when she slipped on a liquid substance on the floor of a Macy's store.[1] MAC has now moved for summary judgment. Macy's

---

[1] Initially, Rademacher sued Macy's in the Kent County Circuit Court. Macy's removed the case to this Court based upon diversity jurisdiction, and the removed case was assigned Case No. 1:09-CV-124. Subsequently, Rademacher filed a separate case against MAC arising out of the same incident. That case, which was assigned Case No. 1:09-CV-896, was then consolidated with Case No. 1:09-CV-124.

has filed a concurrence in that portion of MAC's motion arguing that Rademacher's claims are barred by the open and obvious doctrine.

For the reasons set forth below, MAC's motion will be denied.

## BACKGROUND

Macy's operates retail department stores at various locations, including the Rivertown Crossings Mall in Grandville, Michigan. MAC sells make-up products from a counter inside the Macy's Rivertown store. MAC's cosmetics counter is located directly across the aisle from the Shisedo perfume or cosmetics counter.

On Saturday, June 30, 2007, at approximately 2:30 p.m., Rademacher entered Macy's Rivertown store with her mother and her children. Immediately before Rademacher entered the store, a young child whose parents were standing at the Shisedo counter either threw or knocked a bottle of Shisedo "Pink Energizing" fragrance in a clear liquid form to the floor, causing the bottle to shatter and the liquid to spill onto the floor directly in front of the MAC counter. MAC employees Angie Wisdom and Julie Hauter were working at the counter and noticed the bottle hit the ground and shatter. Hauter swept up the glass with a broom while Wisdom called Macy's housekeeping department to clean up the liquid that remained on the floor. (Hauter Dep. at 12-13.) After taking these actions, Hauter and Wisdom returned to helping customers. (Wisdom Dep. at 24.) Before Macy's personnel responded to clean up the spill, Rademacher stepped on the liquid, slipped, and fell to the ground on her knees. As a result of the fall, Rademacher suffered a herniated disc, was required to undergo back surgery, and experienced back and leg pain.

## Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## Discussion

Rademacher alleges that MAC had possession and control of the premises, including the MAC cosmetic counter and adjacent aisle, and owed Rademacher a duty to exercise ordinary care and maintain the premises in a reasonably safe condition for Rademacher and other customers. Rademacher alleges that by allowing the clear liquid to remain on the floor without any warning signs and in a dangerous and hazardous condition, MAC breached the duty it owed to Rademacher. Alternatively, Rademacher argues that if MAC did not possess the premises, it assumed a duty owed by Macy's by taking voluntary action to remove the known hazard. Rademacher contends that by allowing the liquid to remain on the floor, MAC not only failed to provide adequate protection, but in fact increased the danger by removing the broken glass from the area and leaving only the clear liquid behind, which was not detectible on the floor.

MAC argues that it is entitled to summary judgment upon several grounds. First, with regard to premises liability, MAC argues that it had no liability to Rademacher because it neither owned nor possessed the premises. In addition, MAC argues that it cannot be held liable because the condition was open and obvious. Second, MAC contends that it cannot be held liable for simple negligence because its employees, Hauter and Wisdom, did not undertake to perform a duty owed by Macy's. While MAC concedes that Hauter and Wisdom did remove the broken glass on Macy's behalf, they did not assume any duty with respect to the liquid and instead contacted Macy's personnel to clean it up.

### *Premises Liability*

In order to establish a prima facie negligence claim, a plaintiff must prove four elements: (1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) causation; and (4) damages. *Case v. Consumers Power Co.*, 463 Mich. 1, 6, 615 N.W.2d 17, 20 (2000). Under Michigan law, "[t]he landowner has a duty of care, not only to warn the invitee of any known dangers, but the additional obligation to also make the premises safe, which requires the landowner to inspect the premises and, depending on the circumstances, make any necessary repairs or warn of any discovered hazards." Premises liability, however, is not premised solely or exclusively upon ownership of real property. "Under the principles of premises liability, the right to recover for a condition or defect of land requires that the defendant have legal possession and control of the premises." *Morrow v. Boldt*, 203 Mich. App. 324, 328, 512 N.W.2d 83, 85 (1994) (citing *Stevens v. Drekich*, 178 Mich. App. 273, 276, 443 N.W.2d 401, 403 (1989)). As stated in *Orel v. Uni-Rak Sales Co.*, 454 Mich. 564, 563 N.W.2d 241 (1997): "'*Ownership alone is not dispositive. Possession and control* are certainly incidents of title ownership, but these possessory rights *can be*

4

*"loaned" to another, thereby conferring the duty to make the premises safe while simultaneously absolving oneself of responsibility."* *Id.* at 568, 563 N.W.2d at 243 (quoting *Merritt v. Nickelson*, 407 Mich. 544, 552-53, 287 N.W.2d 178, 181 (1980)) (emphasis in original). Thus,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if the owner: (a) knows of, or by the exercise of reasonable care would discover, the condition and should realize that the condition involves an unreasonable risk of harm to such invitees; (b) should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect invitees against the danger.

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 598, 614 N.W.2d 88, 92 (2000) (citing *Quinlivan v. Great Atl. & Pac. Tea Co.*, 395 Mich. 244, 258, 235 N.W.2d 732, 739 (1975)).

MAC contends that it is entitled to summary judgment with regard Rademacher's claim of premises liability because: (1) MAC is merely a vendor that operates a cosmetics counter; (2) it does not even lease its space from Macy's; and (3) it was not in possession or control of the Macy's store or the area where the incident occurred. However, Rademacher notes that MAC was a vendor that sold its products inside Macy's store, and Hauter, MAC's employee, testified that MAC sold its products from a "leased" area. (Hauter Dep. at 39.) In addition, Rademacher points out that MAC used the area where the fall occurred to engage customers as they walked through the store to demonstrate products and solicit sales. Even if MAC did not have exclusive possession and control over the premises, that fact would not preclude liability if MAC shared possession and control with Macy's. *Rockwell v. Hillcrest Country Club, Inc.*, 25 Mich. App. 276, 289-90, 181 N.W.2d 290, 297 (1970). Given that MAC used the subject area to further its business and there is some evidence that MAC leased the space from Macy's, the Court concludes that an issue of fact remains with regard

5

to whether MAC possessed and controlled the premises such as to render MAC liable as a possessor of the premises for the dangerous condition of the floor.

MAC contends that even if it had sufficient possession and control for purposes of premises liability, the open and obvious doctrine precludes liability. A possessor of a premises "owes no duty to protect an invitee from dangers that are 'open and obvious' unless special aspects exist, such as a condition that is effectively unavoidable or imposes an unreasonably high risk of severe harm." *Bialick v. Megan Mary, Inc.*, 286 Mich. App. 359, 362, 780 N.W.2d 599, 602 (2009). The test for whether a condition is open and obvious is whether "an average user with ordinary intelligence [would] have been able to discover the danger and the risk presented upon casual inspection." *Novotney v. Burger King Corp.*, 198 Mich. App. 470, 475, 499 N.W.2d 379, 381 (1983). The test is not how noticeable the condition was to the plaintiff, "but whether it was noticeable to the ordinary user upon casual inspection." *Id.*

Viewing the evidence in this case in a light most favorable to Rademacher, the Court concludes that a genuine issue of material fact remains as to whether the clear liquid on the floor was open and obvious to an ordinary user upon casual inspection. MAC asserts that the condition was open and obvious because the spill was visible to the naked eye, the fragrance would have alerted those in the area of the presence of a liquid, and Rademacher admits that she was paying attention to her daughters and did not become aware of the condition until she fell. However, Rademacher has presented evidence showing that the spill was not open and obvious. There was no sign warning of the spill and the glass had been removed from the area at the time Rademacher encountered the liquid, making the condition less obvious. Moreover, the liquid was clear and Rademacher testified that she did not become aware of the presence of liquid until she felt it on the knees of her pants.

6

In addition, even if there was a strong smell of fragrance in the area, that fact is not determinative because the incident occurred in a department store near a perfume counter, and it is not uncommon for such areas to smell like perfume. This evidence is sufficient to create an issue for the jury whether upon casual inspection a reasonable person would have detected the spill.

*Negligence*

Rademacher argues alternatively that even if MAC is not liable on a theory of premises liability, it may be liable for assuming a duty owed by a third party – Macy's – and failing to adequately perform that duty. In particular, Rademacher relies upon § 324 of the Restatement of Torts, Second, which provides:

> One who, being under no duty to do so, takes charge of another who is helpless adequately to aid or protect himself is subject to liability to the other for any bodily harm caused to him by
>
> (a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge, or
>
> (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

Restatement (Second) of Torts § 342 (1965). The Court questions whether this particular Restatement section applies to the circumstances of this case, as MAC's employees did not "take charge" of Rademacher, nor was Rademacher "helpless." Nonetheless, it is well established under Michigan law that "where a person voluntarily assumes the performance of a duty . . . , he is required to perform it carefully, not omitting to do what an ordinarily prudent person would do in accomplishing the task." *Sponkowski v. Ingham County Road Comm'n*, 152 Mich. App. 123, 127-28, 393 N.W.2d 579, 581 (1986). Liability will be imposed where the defendant's voluntary acts increase the danger to the plaintiff. *See Schenk v. Mercury Marine Div., Lowe Indus.*, 155 Mich. App. 20, 26, 399 N.W.2d 428, 431 (1986).

In this case, it is undisputed that MAC's employees voluntarily assumed a duty Macy's owed to its invitees by cleaning up the broken glass. MAC contends that it is entitled to summary judgment because it is undisputed that Hauter and Wisdom removed the glass but, because they called Macy's personnel to take care of the spill, they did not assume a duty to remove the liquid. Even so, the evidence is sufficient to create an issue of fact for the jury whether, by removing the glass from the floor, MAC's employees increased the risk of harm by making the spilled liquid more difficult to detect and, thus, more dangerous. Moreover, an issue remains for the jury regarding whether MAC's employees, having chosen to act, acted reasonably by cleaning up the glass and leaving the liquid on the floor. Although MAC asserts that its employees verbally warned Rademacher of the spill, Rademacher claims that she did not hear any warning. In addition, although MAC's employees did not have warning signs to place around the spill, as Rademacher notes, a reasonable jury could conclude that MAC's employees could have eliminated the risk of harm by standing next to the spill to ensure that customers did not walk in it.

## Conclusion

For the foregoing reasons, the Court concludes that MAC's motion for summary judgment should be denied.

Therefore,

**IT IS HEREBY ORDERED** that Defendant M.A.C. Cosmetics, Inc.'s Motion for Summary Judgment (Case No. 1:09-cv-124, docket no. 58) and (Case No. 1:09-cv-896, Docket no. 12) are **DENIED**.


Dated: July 2, 2010                              /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE